# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NEAL E. McDONALD,

                Petitioner,        :        Case No. 3:15-cv-031

    - vs -                               District Judge Thomas M. Rose
                                                Magistrate Judge Michael R. Merz

TERRY A. TIBBALS, Warden,
  London Correctional Institution,

                                                       :

                Respondent.

## REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is ripe for decision on Respondent's Motion to Dismiss (Doc. No. 6).

      McDonald brought this action to contest the calculation by the Adult Parole Authority of the time he was to be confined as a result of his violations of post-release control sanctions imposed on him pursuant to felony convictions in Montgomery County Common Pleas Cases 2005 CR 01164, 2008 CR 04828, and 2009 CR 01145.

      It appears McDonald may have filed in this Court by mistake. Asked by the petition form to explain whether or not he had exhausted available state court remedies, he wrote that Nancy LNU from the Ohio Bureau of Sentencing and Computation informed him that "the only way we could look at all the time was to have the Judge review and adjust through formal request and this is the first attempt." The judges of this Court are plainly not the judges referred to in the advice McDonald received. Federal courts do not have general authority to review and adjust post-release control sanctions for Ohio prisoners.

1

Respondent, represented by the Ohio Attorney General's Office, sought dismissal on three bases "1) McDonald is not challenging 'the judgment of a state court,' as 28 U.S.C. § 2254(a) requires; 2) McDonald has not alleged a constitutional violation, as 28 U.S.C. § 2254(a) requires; and 3) McDonald admits that he has made no attempt to exhaust the issues he has presented to this federal court, as 28 U.S.C. § 2254(b) requires."  (Motion, Doc. No. 6, PageID 121-22.)

McDonald opposed the Motion (Response, Doc. No. 8, PageID 127).  While he admits he did not include any express constitutional violation in his Petition, he continued to insist that "it is clear and [sic] error has been made in the manner of the computation of my sanction time." *Id.* at 127.  He also asserted that he was being confined in violation of his rights under the constitution "which confined me without cause for unaccountable time." *Id.*  Finally, he says he wants compensatory damages for the unlawful sentencing. *Id.*  At the Court's request (Doc. No. 9), the Warden has now filed a Reply (Doc. No. 10).

The Warden is clearly correct that compensatory damages cannot be awarded in a habeas corpus case for even unconstitutional confinement by a state official.  Any such claim would have to be brought as a civil rights claim under 42 U.S.C. § 1983.  *Preiser v. Rodriquez*, 411 U.S. 475 (1973);  *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985).

The Warden also asserts that this Court has no jurisdiction over McDonald's sentencing claim.  To the extent some Ohio law (not yet cited to this Court but adverted to by Nancy LNU in her conversation with McDonald) gives either the Ohio sentencing judge or some other Ohio judge authority to review Adult Parole Authority post-release sanctions orders for improper calculation, the Warden is correct; this is not that court.

However, the Warden goes further in his denial of jurisdiction.  He offers a distinction

between "The Great Writ" and the limited statutory writ provided for in 28 U.S.C. § 2254 (Reply, Doc. No. 10, PageID 132, citing *Neal v. Puckett,* 286 F.3d 230, 248 (5th Cir. 2002)). *Neal*, in turn, cites Chief Justice Marshall's opinion that "[t]he power to award the writ by any of the courts of the United States, must be given by written law." *Ex Parte Bollman*, 8 U.S. 75 (1807).  Respondent dismisses the Magistrate Judge's citation to *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), because it involved a federal prisoner in executive branch custody and "dealt specifically with the constitutional writ of habeas corpus, found in Art. I, § 9, cl. 2 of the Constitution of the United States, and codified in 28 U.S.C. § 2241." (Reply, Doc. No. 10, PageID 133.)  "But the constitutional writ," the Warden argues, "does not apply to a prisoner in state custody challenging a state conviction." *Id.*

While the Judiciary Act of 1789 did not extend to persons in state custody, the habeas jurisdiction was broadened to include such persons in the Habeas Corpus Act of 1867 which "empowered the lower federal courts to protect federal officials and the newly freed slaves from abusive imprisonment by the defeated Confederate states."  Habeas for the Twenty-First Century:  Uses, Abuses, and the Future of the Great Writ, Nancy J. King and Joseph L. Hoffman (Chicago, 2011), at 9.  28 U.S.C. § 2241 expressly provides that the writ extends to a person who "is in custody in violation of the Constitution or laws or treaties of the United States. . . ."  A State cannot evade federal court review of the constitutionality of an imprisonment just by classifying it as "not pursuant to a conviction."

The Court finds that the Petition does state a claim of unconstitutional confinement. Specifically, McDonald avers that he is being confined beyond the length of time authorized by the statute under which he was convicted.  While he has not expressly invoked the Due Process Clause of the Fourteenth Amendment, as a *pro se* litigant he is entitled to liberal construction of

his pleadings.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  While the state legislature may set maximum sentences for state crimes, for a state prison warden to fine a person beyond time authorized by statute would plainly constitute a deprivation of liberty without due process.

Although the Court has jurisdiction to adjudicate McDonald's claim, it must decline to do so.  As noted in the Reply, the Ohio courts had jurisdiction in habeas corpus under state law to consider McDonald's claim, but now that he has been released from custody, that jurisdiction has disappeared.  His release does not destroy our jurisdiction, because he filed while still in custody. *Maleng v. Cook*, 490 U.S. 488 (1989).  But once he was released, he forfeited his opportunity to have the Ohio courts consider his claim.  And that state court procedural default bars federal habeas corpus relief.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 2, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).